LODGED
___ RECEIVED ___ COPY

MAY 1 6 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

**SEALED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>vs.<br><br>1. Yomtov Scott Menaged<br>    Counts 1-24,<br><br>2. Veronica Castro<br>    (a.k.a. Veronica Gutierrez Reyes)<br>    Counts 1-24,<br><br>3. Alberto Pena<br>    Counts 12-24,<br><br>4. Troy Flippo<br>    Counts 12-24,<br><br>           Defendants. | CR-17-00680-PHX-GMS(MHB)<br><br>**INDICTMENT**<br><br>VIO:  18 U.S.C. § 371<br>       (Conspiracy)<br>       Counts 1, 12<br><br>       18 U.S.C. §1343<br>       (Wire Fraud)<br>       Counts 2-6, 13-18<br><br>       18 U.S.C. §1028A(a)(1) and (c)(5)<br>       (Aggravated Identity Theft)<br>       Counts 7-11, 19-24<br><br>       18 U.S.C. § 981(a)(1)(c); 28 U.S.C.<br>       §2461(c)<br>       (Forfeiture Allegation) |

THE GRAND JURY CHARGES:

At all times material to this indictment, within the District of Arizona and elsewhere:

**INTRODUCTION**

1. From in and around 2003, through the date of this indictment, the defendant YOMTOV SCOTT MENAGED ("Menaged"), was the sole owner and manager of several real estate entities and retail furniture stores located and operating in the Phoenix, Arizona area.

2. From in and around 2011, to the date of this indictment, Menaged owned and operated Furniture King, LLC, an entity that included, at various times, retail furniture locations throughout the Phoenix metropolitan area that operated under the names Furniture King, Furniture and Electronic King, American Furniture, Furniture Pluss, and Scott's Fine Furniture.

3. Defendant VERONICA CASTRO aka, VERONICA GUTIERREZ REYES ("Castro"), is a longtime associate and employee of Menaged.

4. On or about September 8, 2015, Menaged established a merchant dealer account with Wells Fargo Bank, N.A. ("Wells Fargo"), in the name of Furniture King that allowed Menaged to offer customers of his retail stores instant access to a line of credit through Wells Fargo to make furniture purchases. Menaged listed Furniture King's deposit account at JP Morgan Chase Bank, N.A, ending in 1381. Menaged further listed annual sales from Furniture King as $3,200,000.00.

5. The credit line applications with Wells Fargo for Furniture King customers were prepared by hand in the retail stores and each packet generally included: an invoice/receipt for the purchase of furniture that detailed the prospective customers' personal identification information and signature; a terms of the lending agreement form that was also purportedly signed by the customer; and a copy of the customers' drivers' license. The application packets were scanned and ultimately sent via electronic mail from Menaged's email account to Wells Fargo.

6. On or about December 15, 2015, Castro established a merchant dealer account with Synchrony Financial ("Synchrony") in the name of Furniture and Electronic King that allowed customers to obtain credit from Synchrony to make purchases in the store. On the application, Castro listed herself as the sole member of Furniture and Electronic King. Castro listed Furniture and Electronic King's deposit account at JP Morgan Chase Bank, N.A., ending in 5893. Castro further listed annual sales for Furniture and Electronic King as $3,400,000.00.

7.     The credit line applications with Synchrony for Furniture and Electronic King customers were prepared in store and generally included the customers' personal identification information. After the application documents were filled out, a store employee would input the information into an online Synchrony software program called Business Center in order to allow Synchrony to process the transactions. Synchrony required its merchant dealer account clients to maintain the customers' prepared applications and paperwork at the store location for future reference if requested.

8.     On or about April 20, 2016, Menaged filed for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code.

9.     On or about December 21, 2016, defendant ALBERTO PENA ("Pena") established a merchant dealer account with Synchrony in the name of American Furniture that allowed customers to obtain credit from Synchrony to make purchases in the store. Pena listed himself as the owner of American Furniture and listed American Furniture's deposit account at JP Morgan Chase Bank, N.A., ending in 9052. Pena further listed annual sales for American Furniture as $2,100,000.00.

10.    The credit line applications and customer personal identification information for American Furniture customers were submitted to Synchrony using the Business Center software.

11.    On or about January 12, 2017, defendant TROY FLIPPO ("Flippo") established a merchant dealer account with Synchrony in the name of Furniture Pluss that allowed customers to obtain credit from Synchrony to make purchases in the store. Flippo listed himself as the sole member of Furniture Pluss and listed Furniture Pluss's deposit account at BBVA Compass Bank ending in 9310. Flippo further listed annual sales from Furniture Pluss as $2,700,000.00.

12.    The credit line applications and customer personal identification information for Furniture Pluss customers were submitted to Synchrony using the Business Center software.

## COUNT 1
### Conspiracy to Defraud
### [18 U.S.C. § 371]

13. The factual allegations in paragraphs 1 through 12 of the indictment are incorporated by reference and re-alleged as though fully set forth herein.

14. From on or about September 8, 2015, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including the date of this indictment, in the District of Arizona and elsewhere, defendants YOMTOV SCOTT MENAGED and VERONICA CASTRO, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other, and with other individuals, both known and unknown to the Grand Jury, to commit Bank Fraud. Specifically, MENAGED and CASTRO did knowingly execute and attempt to execute a scheme or artifice to defraud and to obtain money, funds, credits, and assets, by and under the custody and control of a financial institution, namely Wells Fargo Bank, N.A., a federally insured financial institution as defined under Title 18, United States Code Section 20, by means of materially false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344.

### MANNER AND MEANS

15. Among the manner and means by which MENAGED and CASTRO and their co-conspirators carried out the conspiracy were the following:

    a. MENAGED, CASTRO, and others created fabricated receipts of purchases allegedly made at Furniture King stores by customers when, in fact, no sale had ever occurred.

    b. MENAGED, CASTRO, and others submitted credit applications in the names, and with the personal identification information, of individuals who were recently deceased in order to obtain credit from Wells Fargo.

    c. MENAGED, CASTRO, and others hand prepared and signed applications

associated with the credit accounts before electronically submitting the applications to Wells Fargo.

  d. MENAGED, CASTRO, and others altered identification documents including drivers' licenses submitted along with the credit applications they sent to Wells Fargo.

## OVERT ACTS

16. In furtherance of the conspiracy, and to affect the objects and purposes thereof, the following overt acts, among others, occurred within the District of Arizona.

  a. On or about December 16, 2015, MENAGED and CASTRO established a credit account in the name of deceased individual G.B. at Wells Fargo and incurred approximately $16,500.00 in fraudulent charges.

  b. On or about December 16, 2015, MENAGED and CASTRO caused Wells Fargo to wire $23,825.25 into the Furniture King bank account ending in 1381.

  c. On or about December 18, 2015, MENAGED and CASTRO established a credit account in the name of deceased individual C.H. at Wells Fargo and incurred approximately $14,981.00 in fraudulent charges.

  d. On or about December 18, 2015, MENAGED and CASTRO caused Wells Fargo to wire $13,730.09 into the Furniture King bank account ending in 1381.

  e. On or about December 20, 2015, MENAGED and CASTRO established a credit account in the name of deceased individual J.H. at Wells Fargo and incurred approximately $11,000.00 in fraudulent charges.

  f. On or about December 21, 2015, MENAGED and CASTRO caused Wells Fargo to wire $26,884.64 into the Furniture King bank account ending in 1381.

  g. On or about December 23, 2015, MENAGED and CASTRO established a credit account in the name of C.S. and incurred approximately $15,000.00 in fraudulent charges.

  h. On or about December 23 2015, MENAGED and CASTRO caused Wells

Fargo to wire $29,159.82 into the Furniture King bank account ending in 1381.

  i. On or about January 2, 2016, MENAGED and CASTRO established a credit account in the name of deceased individual E.M. at Wells Fargo and incurred approximately $10,000.00 in fraudulent charges.

  j. On or about January 3, 2016, MENAGED and CASTRO caused Wells Fargo to wire $14,561.21 into the Furniture King bank account ending in 1381.

  All in violation of Title 18, United States Code, Section 371.

**COUNTS 2 to 6**
**Wire Fraud**
**[18 U.S.C. § 1343]**

17. The factual allegations in paragraphs 1 through 16 of the indictment are incorporated by reference and re-alleged as though fully set forth herein.

18. Beginning in or around September 2015, and continuing thereafter up to and including the date of this Indictment, in the District of Arizona and elsewhere, defendants YOMTOV SCOTT MENAGED and VERONICA CASTRO, along with others known and unknown to the Grand Jury, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, namely by electronically submitting false and fraudulent credit applications to Wells Fargo Bank, N.A. in the names of individuals whose identities had been stolen.

19. On or about the dates listed below, in the District of Arizona and elsewhere, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and to obtain money by means of material false and fraudulent pretenses, representations, and promises, MENAGED and CASTRO, along with others known and unknown to the Grand Jury, caused Wells Fargo to issue the following electronic funds transfers as set forth below, with each transfer being a separate count of the indictment:

| COUNT | DATE OF APPLICATION | WIRE FROM WELLS FARGO | DEPOSIT ACCOUNT |
|---|---|---|---|
| 2 | 12/16/15 | $14,660.25 | Furniture King Account XXX-1381 |
| 3 | 12/18/15 | $13,730.09 | Furniture King Account XXX-1381 |
| 4 | 12/20/15 | $10,081.50 | Furniture King Account XXX-1381 |
| 5 | 12/23/15 | $13,747.50 | Furniture King Account XXX-1381 |
| 6 | 01/02/16 | $9,165.00 | Furniture King Account XXX-1381 |

All in violation of Title 18, United States Code, Section 1343.

### COUNTS 7 to 11
### Aggravated Identity Theft
### [18 U.S.C. § 1028A(a)(1) and (c)(5)]

20. The factual allegations in paragraphs 1 through 19 of the indictment are incorporated by reference and re-alleged as though fully set forth herein.

21. On or about the dates listed below, in the District of Arizona and elsewhere, YOMTOV SCOTT MENAGED and VERONICA CASTRO, and others known and unknown to the Grand Jury, did knowingly possess, transfer, and use a means of identification of another person, without lawful authority, during and in relation to the wire fraud offenses described in Counts 2 through 6 of this indictment, that is, MENAGED and CASTRO did knowingly possess and use the names, dates of birth, social security numbers, addresses, and in some instances telephone numbers, and email addresses of actual persons, identified by their initials below, to electronically submit false and fraudulent credit applications to Wells Fargo and caused Wells Fargo to issue payments to Furniture King as described below, with each transaction being a separate court of the indictment:

| COUNT | DATE OF APPLICATION | ACTUAL PERSON |
|---|---|---|
| 7 | 12/16/15 | G.B. |
| 8 | 12/18/15 | C.H. |
| 9 | 12/20/15 | J.H. |
| 10 | 12/23/15 | C.S. |
| 11 | 01/02/16 | E.M. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(5).

## COUNT 12
### Conspiracy to Defraud
### [18 U.S.C. § 371]

22. The factual allegations in paragraphs 1 through 21 of the indictment are incorporated by reference and re-alleged as though fully set forth herein.

23. From on or about December 15, 2015, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including the date of this indictment, in the District of Arizona and elsewhere, defendants YOMTOV SCOTT MENAGED, VERONICA CASTRO, TROY FLIPPO, and ALBERTO PENA did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other, and with other individuals both known and unknown to the Grand Jury, to commit Bank Fraud. Specifically, MENAGED, CASTRO, FLIPPO, and PENA did knowingly execute and attempt to execute a scheme or artifice to defraud and to obtain money, funds, credits, and assets, by and under the custody and control of a financial institution, namely Synchrony Financial, a federally insured financial institution as defined under Title 18, United States Code Section 20, by means of materially false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344.

## MANNER AND MEANS

24.     Among the manner and means by which MENAGED, CASTRO, FLIPPO, PENA, and their co-conspirators carried out the conspiracy were the following:

    a.     MENAGED, CASTRO, FLIPPO, and PENA prepared false and fraudulent Financial Merchant Applications with Synchrony representing that CASTRO, FLIPPO, and PENA owned and operated the furniture stores when, in fact, MENAGED controlled and operated the businesses.

    b.     MENAGED, CASTRO, FLIPPO, and PENA, submitted credit applications in the names, and with the personal identification information, of individuals who were recently deceased in order to obtain credit from Synchrony.

    c.     MENAGED, CASTRO, FLIPPO, PENA, and others prepared and signed applications associated with the credit accounts before electronically submitting the applications and corresponding personal identification information to Synchrony using an online program.

## OVERT ACTS

25.     In furtherance of the conspiracy, and to affect the objects and purposes thereof, the following overt acts, among others, occurred within the District of Arizona.

    a.     On or about December 15, 2015, MENAGED and CASTRO prepared and submitted a false Synchrony Financial Merchant Application in the name of Furniture and Electronic King, LLC listing CASTRO as the sole member of the company.

    b.     On or about June 9, 2016, MENAGED and CASTRO established a credit account in the name of deceased individual A.T. at Synchrony and incurred approximately $17,895.00 in fraudulent charges.

    c.     On or about June 10, 2016, MENAGED and CASTRO caused Synchrony to wire $26,436.09 into the Furniture and Electronic King bank account ending in 5893.

    d.     On or about June 21, 2016, MENAGED and CASTRO established a credit account in the name of deceased individual J.S. at Synchrony and incurred approximately

$16,880.00 in fraudulent charges.

e. On or about June 22, 2016, MENAGED and CASTRO caused Synchrony to wire $15,997.18 into the Furniture and Electronic King bank account ending in 5893.

f. On or about December 21, 2016, MENAGED and PENA prepared and submitted a false Synchrony Financial Merchant Application in the name of American Furniture LLC listing PENA as the owner of the company.

g. On or about January 8, 2017, MENAGED and PENA established a credit account in the name of deceased individual T.L. at Synchrony and incurred approximately $15,860.00 in fraudulent charges.

h. On or about January 8, 2017, MENAGED and PENA caused Synchrony to wire $16,441.05 into the American Furniture bank account ending in 9052.

i. On or about January 16, 2017, MENAGED and PENA established a credit account in the name of deceased individual K.J. and incurred approximately $16,789.60 in fraudulent charges.

j. On or about January 16, 2017, MENAGED and PENA caused Synchrony to wire $15,881.28 into the American Furniture bank account ending in 9052.

k. On or about January 12, 2017, MENAGED and FLIPPO prepared and submitted a false Synchrony Financial Merchant Application in the name of Furniture Pluss listing FLIPPO as the sole member of the company.

l. On or about January 21, 2017, MENAGED and FLIPPO established a credit account in the name of deceased individual L.B. at Synchrony and incurred approximately $16,840.00 in fraudulent charges.

m. On or about January 22, 2017, MENAGED and FLIPPO caused Synchrony to wire $47,107.21 into the Furniture Pluss bank account ending in 9310.

n. On or about January 21, 2017, MENAGED and FLIPPO established a credit account in the name of deceased individual G.L. at Synchrony and incurred approximately $16,000.00 in fraudulent charges.

    o.    On or about January 22, 2017, MENAGED and FLIPPO caused Synchrony to wire $47,107.21 into the Furniture Pluss bank account ending in 9310.

All in violation of Title 18, United States Code, Section 371.

**COUNTS 13-18**
**Wire Fraud**
**[18 U.S.C. § 1343]**

26.    The factual allegations in paragraphs 1 through 25 of the indictment are incorporated by reference and re-alleged as though fully set forth herein.

27.    Beginning in or around December 2015, and continuing thereafter up to and including the date of this indictment, in the District of Arizona and elsewhere, defendants YOMTOV SCOTT MENAGED, VERONICA CASTRO, ALBERTO PENA, TROY FLIPPO, along with others known and unknown to the Grand Jury, did knowingly and intentionally devise a scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, namely by electronically submitting false and fraudulent credit applications to Synchrony Financial in the names of individuals whose identities had been stolen.

28.    On or about the dates listed below, in the District of Arizona and elsewhere, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud and to obtain money by means of material false and fraudulent pretenses, representations, and promises, MENAGED, CASTRO, PENA, FLIPPO, along with others known and unknown to the Grand Jury, caused Synchrony to issue the following electronic funds transfers as set forth below, with each transfer being a separate count of the indictment:

| COUNT | DATE OF APPLICATION | WIRE FROM SYNCHRONY | DEPOSIT ACCOUNT |
|---|---|---|---|
| 13 | 6/9/16 | $26,436.09 | Furniture and Electronic King Account XXX-5893 |
| 14 | 6/21/16 | $15,997.18 | Furniture and Electronic King Account XXX-5893 |
| 15 | 1/8/17 | $16,441.05 | American Furniture Account XXX-9052 |
| 16 | 1/1617 | $15,881.28 | American Furniture Account XXX-9052 |
| 17 | 1/21/17 | $47,107.21 | Furniture Pluss Account XXX-9310 |
| 18 | 1/21/17 | $47,107.21 | Furniture Pluss Account XXX-9310 |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS 19-24
### Aggravated Identity Theft
### [18 U.S.C. § 1028A(a)(1) and (c)(5)]

29.  The factual allegations in paragraphs 1 through 28 of the indictment are incorporated by reference and re-alleged as though fully set forth herein.

30.  On or about the dates listed below, in the District of Arizona and elsewhere, YOMTOV SCOTT MENAGED, VERONICA CASTRO, ALBERTO PENA, TROY FLIPPO, and others known and unknown to the Grand Jury, did knowingly possess, transfer, and use a means of identification of another person, without lawful authority, during and in related to the wire fraud offenses described in Counts 13 through 18 of this indictment, that is, MENAGED, CASTRO, PENA, and FLIPPO did knowingly possess and use the names, dates of birth, social security numbers, addresses, and in some instances

telephone numbers, and email addresses of actual persons, identified by their initials below, to electronically submit false and fraudulent credit applications to Synchrony and caused Synchrony to issue payments as described below, with each transaction being a separate count of the indictment:

| COUNT | DATE OF APPLICATION | ACTUAL PERSON |
|---|---|---|
| 19 | 6/9/16 | A.T. |
| 20 | 6/21/16 | J.S. |
| 21 | 1/8/17 | T.L. |
| 22 | 1/16/17 | K.J. |
| 23 | 1/21/17 | L.B. |
| 24 | 1/21/17 | G.L. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(5).

## FORFEITURE ALLEGATIONS

31.     The Grand Jury realleges and incorporates the allegations of Counts 1 through 24 of this indictment, which are incorporated by reference as though fully set forth herein.

32.     Pursuant to Title 18, United States Code, Section 981, Title 21, United States Code, Sections 853 and 881, and Title 28, United States Code, Section 2461(c), and upon conviction of one or more of the offenses alleged in Counts of this Indictment, the defendants shall forfeit to the United States of America all right, title, and interest in (a) any property constituting, or derived from, any proceeds the persons obtained, directly or indirectly, as the result of the offense, and (b) any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense, including but not limited to: A sum of money equal to at least $2,112,405.97 in United States currency, representing the amount of money involved in the offenses. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

33. If any of the forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. Section 853(p).

All in accordance with Title 18, United States Code, Section 981, Title 21, United States Code, Sections 853 and 881, Title 28, United States Code Section 2461(c), and Rule 32.2, Federal Rules of Criminal Procedure.

A TRUE BILL

*S/*
FOREPERSON OF THE GRAND JURY
Date: May 16, 2017

ELIZABETH A. STRANGE
Acting United States Attorney
District of Arizona

*S/*
MONICA EDELSTEIN
Assistant U.S. Attorney